**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MAGDY A. RADWAN,

Plaintiff,

v. CASE NO.:

AMENTUM GOVERNMENT SERVICES,

Defendant.

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAGDY A. RADWAN, (hereinafter "Plaintiff" or "Mr. Radwan"), by and through the undersigned counsel, hereby sues Defendant, AMENTUM GOVERNMENT SERVICES (hereinafter "Defendant" or "Amentum") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on national origin and age, including disparate treatment and unequal pay, and for retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing

Regulations; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"); and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, subjected him to disparate treatment and unequal compensation, altered the terms, conditions, and privileges of his employment because of his national origin and age, and retaliated against him for making internal complaints of discriminatory treatment and unequal pay, in violation of his rights under Title VII, the ADEA, and the FCRA.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to, loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida, where Plaintiff performed his work at the DIA-USCENTCOM location at MacDill Air Force Base, 7115 Boundary Blvd., Tampa, Florida 33621.

## PARTIES

8. Plaintiff, MAGDY A. RADWAN, is a 59-year-old male who was born in Egypt and is a naturalized United States citizen, having been naturalized in 2014. Plaintiff is Middle Eastern and Egyptian, has a complexion and racial identity associated with his Middle Eastern background, and is Muslim. Plaintiff alleges that he was the only Muslim employee working on his Security Escort team. Plaintiff resides in Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on his national origin and age under Title VII, the ADEA, and the FCRA.

10. During the period from June 2022 until June 30, 2026, Defendant employed Plaintiff as Junior Facility Operations, serving as a Security Escort at the DIA-USCENTCOM location at MacDill Air Force Base in Tampa, Florida.

11. At all times material herein, Plaintiff met the definitions of “employee” and “eligible employee” under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the ADEA, and the FCRA.

13. The Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, is a company with its principal place of business located at 4800 Westfield Blvd., Suite 400, Chantilly, Virginia 20151.

14. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, from its location at the DIA-USCENTCOM facility at MacDill Air Force Base, 7115 Boundary Blvd., Tampa, Florida 33621, where it employed Plaintiff.

15. At all times material herein, Defendant employed approximately 40,000 employees and met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the ADEA, and the FCRA.

16. Accordingly, Defendant is liable under Title VII, the ADEA, and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On or about July 27, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant (EEOC Charge No. 511-2026-04502), alleging, among other things, national origin discrimination, age discrimination, and retaliation.

19. On August 23, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights, including a Notice of Right to Sue, in reference to his Charge of Discrimination (EEOC Charge No. 511-2026-04502) against Defendant.

20. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

21. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22. Plaintiff, MAGDY A. RADWAN, is a 59-year-old male who was born in Egypt and became a naturalized United States citizen in 2014. Plaintiff is Middle Eastern and Egyptian and is Muslim. Plaintiff alleges that he was the only Muslim employee working on his Security Escort team and that he was subjected to less favorable treatment tied to his protected characteristics.

23. In or about June 2022, Defendant hired Plaintiff as Junior Facility Operations, serving as a Security Escort at the DIA-USCENTCOM location at MacDill Air Force Base, 7115 Boundary Blvd., Tampa, Florida 33621.

24. Plaintiff learned about the position through the Amentum website and left a prior job to accept the position because it paid more.

25. When Plaintiff was hired, he was paid approximately $28.00 per hour. By 2026, after nearly four years of employment, Plaintiff was earning approximately $31.67 per hour.

26. Throughout his employment, Plaintiff reported to his last supervisor, Richard Thrash. The program was also overseen by Program

Managers David Ashlock and Patrick Watkins, Senior Program Manager Timothy Basham, and Program Manager John Longshore.

27. Throughout his employment, Plaintiff received annual performance evaluations from his supervisor and never received a rating lower than "meets expectations."

28. Throughout his employment, Plaintiff was never placed on probation, never suspended, never sent home on administrative leave, and never received any reprimands.

29. Plaintiff was not provided meal breaks during his employment.

30. On or about March 13, 2026, Defendant was hiring for the same Junior Facility Operations position, with the same duties that Plaintiff performed, at a compensation of approximately $72,000 to $74,000 per year.

31. Despite having performed the same work for nearly four years, Plaintiff was paid substantially less than the compensation Defendant offered to new hires for the same position with the same duties and less than coworkers performing the same or substantially similar work. Plaintiff alleges this unequal compensation constituted pay discrimination.

32. On or about March 15, 2026, Plaintiff submitted a formal written complaint of unequal pay and pay discrimination to Program Manager John

Longshore and other members of Defendant's management, stating that he believed he was being paid less than his coworkers for performing substantially similar work and requesting a salary adjustment and back pay. Plaintiff also communicated with Longshore by text message concerning the unequal-pay issue.

33. During his employment, Plaintiff also complained to Defendant's management, including Employee Relations Director Keisha Morris, that he was being subjected to disparate and unfavorable treatment and about what he believed to be favoritism, workplace misconduct, and the misuse of government funds. Plaintiff further alleges that he experienced unwelcome and hostile treatment that he associated with his Middle Eastern/Egyptian background and other protected characteristics.

34. Plaintiff believed that promotions, favorable treatment, scheduling advantages, and other employment benefits were awarded to other employees rather than to him, even when those employees had less seniority or performed the same or substantially similar work.

35. A substantially younger employee on Plaintiff's Security Escort team, who was approximately twenty-five years younger than Plaintiff and

in her thirties, was retained, promoted, and rewarded, while Plaintiff, who had greater seniority, was selected for termination.

36. When Plaintiff made his complaints about the workplace, he was told that an investigation would be conducted, and he asked whether he could continue to work while the investigation was being conducted.

37. On or about June 4, 2026, during a meeting with Program Managers David Ashlock and Patrick Watkins, Plaintiff was verbally notified that his employment was being terminated by means of a layoff. When Plaintiff asked why he was being laid off, he was told that the reason was a government reduction.

38. Plaintiff was advised that Defendant maintained a program to assist laid-off employees in obtaining other open positions within the company, and Plaintiff was contacted by an individual working with that program.

39. Plaintiff thereafter applied for similar open positions with Defendant but was not selected for any of them.

40. Upon information and belief, Defendant declined to select Plaintiff for any open position and provided unfavorable employment

references to prospective employers, further impairing Plaintiff's ability to obtain comparable employment.

41. On June 30, 2026, Defendant terminated Plaintiff's employment by means of a layoff letter sent via email from Program Manager John Longshore, which stated that Plaintiff's position on the CENTCOM contract had been impacted due to position elimination.

42. Plaintiff was the only member of his Security Escort team selected for termination. Upon information and belief, Defendant retained other Security Escorts whom Plaintiff alleges did not regularly report to work but nevertheless received full compensation, including employees who allegedly failed to report for periods exceeding one month. Plaintiff believed those employees received preferential protection from senior program management while he was selected for layoff.

43. Plaintiff received his last compensation on June 19, 2026, and believes that Defendant has left wages unpaid.

44. Defendant has not provided a legitimate, non-discriminatory reason for the adverse action taken against Plaintiff. Defendant's stated reasons for Plaintiff's termination were false, pretextual, and used to conceal the true discriminatory and retaliatory motivations behind the termination.

Although management told Plaintiff on June 4, 2026 that the layoff resulted from a government reduction and the June 30, 2026 letter stated that his position had been eliminated, on or about September 30, 2026, Plaintiff observed Defendant advertising the same Junior Facility Operations/Security Escort position on Amentum's careers website. Plaintiff alleges that the position remained open after that date. The subsequent advertisement for the same or substantially similar position further undermines Defendant's stated explanation for selecting Plaintiff for layoff.

45. Defendant treated Plaintiff less favorably than similarly situated employees who were not of Egyptian national origin and who were substantially younger than Plaintiff. Plaintiff alleges that he was intentionally singled out for less favorable treatment, unequal pay, and termination, while other employees were retained and treated more favorably.

46. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered significant damages, including the loss of his job, the loss of his income, the loss of health insurance for himself and his family, the inability to continue making his loan payments,

relational and family difficulties, and emotional distress, including depression and anxiety.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**National Origin Discrimination**
**42 U.S.C. § 2000e et seq.**

47. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff was born in Egypt and is, therefore, a member of a protected class under Title VII by virtue of his national origin.

49. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

50. At all times material, Plaintiff was qualified for his position and performed the essential functions of his job in a satisfactory or above-satisfactory manner, having never received a performance rating lower than "meets expectations."

51. Defendant subjected Plaintiff to materially adverse employment actions and less favorable terms and conditions of employment because of his national origin, including, but not limited to, paying him less than the compensation afforded to employees performing the same or substantially

similar work, denying him promotions and other favorable treatment, selecting him for termination, and declining to select him for other open positions following his layoff.

52. Defendant treated Plaintiff less favorably than similarly situated employees who were not of Egyptian national origin.

53. Defendant, through its supervisors and managers, knew or should have known of the national origin discrimination and failed to take prompt and effective remedial action.

54. Defendant's stated reason for Plaintiff's termination was false, pretextual, insufficient, selectively enforced, and/or not the real reason for its actions. Defendant told Plaintiff that the layoff was caused by a government reduction and position elimination, yet approximately three months later Defendant advertised the same or substantially similar position on its careers website.

55. Plaintiff's national origin was a motivating factor in Defendant's decision to subject Plaintiff to different terms and conditions of employment and to terminate his employment.

56. As a direct, proximate, and foreseeable result of Defendant's unlawful national origin discrimination, Plaintiff has suffered, continues to

suffer, and will suffer lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other compensatory damages.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by discriminating against Plaintiff based on his national origin;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under Title VII;

C. Award Plaintiff compensatory damages, including damages for emotional distress, humiliation, mental anguish, and other nonpecuniary losses;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## Retaliation
## 42 U.S.C. § 2000e-3(a)

57. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

58. At all times material, Defendant was an employer within the meaning of Title VII.

59. Title VII prohibits an employer from retaliating against an employee because the employee opposed an employment practice made unlawful by Title VII or because the employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

60. Plaintiff engaged in protected activity under Title VII when, on or about March 15, 2026, he submitted a formal written complaint of unequal pay and pay discrimination to Defendant's management, and when he otherwise complained that he believed he was being treated less favorably than his coworkers.

61. Defendant was aware of Plaintiff's protected activity.

62. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including selecting him for termination, terminating his employment on June 30, 2026, declining to select him for other open positions following his layoff, leaving wages unpaid, and continuing to advertise the same or substantially similar position after representing that Plaintiff's layoff resulted from a government reduction and position elimination.

63. Defendant's actions would dissuade a reasonable employee from making or supporting a charge of discrimination.

64. A causal connection exists between Plaintiff's protected activity and Defendant's materially adverse actions, as evidenced by the temporal proximity between Plaintiff's complaints and the adverse actions taken against him.

65. Defendant's stated reasons for its actions were false, pretextual, and/or retaliatory.

66. Defendant retaliated against Plaintiff for engaging in protected activity in violation of Title VII.

67. As a direct, proximate, and foreseeable result of Defendant's unlawful retaliation, Plaintiff has suffered, continues to suffer, and will

suffer lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other compensatory damages.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, by retaliating against Plaintiff for engaging in protected activity;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under Title VII;

C. Award Plaintiff compensatory damages, including damages for emotional distress, humiliation, mental anguish, and other nonpecuniary losses;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## Age Discrimination
## 29 U.S.C. § 621 et seq.

68. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

69. Plaintiff is 59 years old and, therefore, is a member of a protected class under the ADEA, which protects individuals who are forty (40) years of age or older.

70. At all times material, Defendant was an employer within the meaning of the ADEA.

71. At all times material, Plaintiff was qualified for his position and performed the essential functions of his job in a satisfactory or above-satisfactory manner, having never received a performance rating lower than "meets expectations."

72. Defendant subjected Plaintiff to materially adverse employment actions because of his age, including, but not limited to, denying him promotions and other favorable treatment, selecting him for termination, and declining to select him for other open positions following his layoff.

73. Defendant retained, promoted, and rewarded a substantially younger employee who was approximately twenty-five years younger than Plaintiff, while selecting Plaintiff, who had greater seniority, for termination.

74. Defendant treated Plaintiff less favorably than similarly situated employees who were substantially younger than Plaintiff.

75. Defendant's stated reason for Plaintiff's termination was false, pretextual, insufficient, selectively enforced, and/or not the real reason for its actions. Defendant told Plaintiff that the layoff was caused by a government reduction and position elimination, yet approximately three months later Defendant advertised the same or substantially similar position on its careers website.

76. But for Plaintiff's age, Defendant would not have subjected him to the adverse employment actions described herein, including his termination.

77. As a direct, proximate, and foreseeable result of Defendant's unlawful age discrimination, Plaintiff has suffered, continues to suffer, and will suffer lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other damages available under the ADEA.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADEA by discriminating against Plaintiff based on his age;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under the ADEA;

C. Award Plaintiff liquidated damages for Defendant's willful violation of the ADEA;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

**COUNT IV**
**VIOLATION OF**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**
**Retaliation**
**29 U.S.C. § 623(d)**

78. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

79. At all times material, Defendant was an employer within the meaning of the ADEA.

80. The ADEA prohibits an employer from retaliating against an employee because the employee opposed a practice made unlawful by the ADEA or because the employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the ADEA.

81. Plaintiff engaged in protected activity when he complained to Defendant's management that he was being treated less favorably than his coworkers, including his complaint of unequal pay and his complaints that he believed he was being subjected to discriminatory treatment.

82. Defendant was aware of Plaintiff's protected activity.

83. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including selecting him for

termination, terminating his employment on June 30, 2026, declining to select him for other open positions following his layoff, and continuing to advertise the same or substantially similar position after representing that Plaintiff's layoff resulted from a government reduction and position elimination.

84. Defendant's actions would dissuade a reasonable employee from making or supporting a charge of discrimination.

85. A causal connection exists between Plaintiff's protected activity and Defendant's materially adverse actions, as evidenced by the temporal proximity between Plaintiff's complaints and the adverse actions taken against him.

86. Defendant's stated reasons for its actions were false, pretextual, and/or retaliatory.

87. Defendant retaliated against Plaintiff for engaging in protected activity in violation of the ADEA.

88. As a direct, proximate, and foreseeable result of Defendant's unlawful retaliation, Plaintiff has suffered, continues to suffer, and will suffer lost wages and benefits, lost earning capacity, emotional distress,

mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other damages available under the ADEA.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADEA by retaliating against Plaintiff for engaging in protected activity;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under the ADEA;

C. Award Plaintiff liquidated damages for Defendant's willful violation of the ADEA;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

**COUNT V**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**National Origin Discrimination**
**§ 760.10, Florida Statutes**

89. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

90. Plaintiff was born in Egypt and is, therefore, a member of a protected class under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., by virtue of his national origin.

91. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of the FCRA.

92. At all times material, Plaintiff was qualified for his position and performed the essential functions of his job in a satisfactory or above-satisfactory manner.

93. Defendant subjected Plaintiff to materially adverse employment actions and less favorable terms and conditions of employment because of his national origin, including, but not limited to, paying him less than the compensation afforded to employees performing the same or substantially similar work, denying him promotions and other favorable

treatment, selecting him for termination, and declining to select him for other open positions following his layoff.

94. Defendant treated Plaintiff less favorably than similarly situated employees who were not of Egyptian national origin.

95. Defendant, through its supervisors and managers, knew or should have known of the national origin discrimination and failed to take prompt and effective remedial action.

96. Defendant's stated reason for Plaintiff's termination was false, pretextual, insufficient, selectively enforced, and/or not the real reason for its actions. Defendant told Plaintiff that the layoff was caused by a government reduction and position elimination, yet approximately three months later Defendant advertised the same or substantially similar position on its careers website.

97. Plaintiff's national origin was a motivating factor in Defendant's decision to subject Plaintiff to different terms and conditions of employment and to terminate his employment.

98. As a direct, proximate, and foreseeable result of Defendant's unlawful national origin discrimination, Plaintiff has suffered, continues to suffer, and will suffer lost wages and benefits, lost earning capacity,

emotional distress, mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other compensatory damages.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his national origin;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under the FCRA;

C. Award Plaintiff compensatory damages, including damages for emotional distress, humiliation, mental anguish, and other nonpecuniary losses;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

**COUNT VI**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Age Discrimination**
**§ 760.10, Florida Statutes**

99. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

100. Plaintiff is 59 years old and, therefore, is a member of a protected class under the FCRA by virtue of his age.

101. At all times material, Defendant employed Plaintiff and was an "employer" within the meaning of the FCRA.

102. At all times material, Plaintiff was qualified for his position and performed the essential functions of his job in a satisfactory or above-satisfactory manner.

103. Defendant subjected Plaintiff to materially adverse employment actions because of his age, including, but not limited to, denying him promotions and other favorable treatment, selecting him for termination, and declining to select him for other open positions following his layoff.

104. Defendant retained, promoted, and rewarded a substantially younger employee who was approximately twenty-five years younger than Plaintiff, while selecting Plaintiff, who had greater seniority, for termination.

105. Defendant treated Plaintiff less favorably than similarly situated employees who were substantially younger than Plaintiff.

106. Defendant's stated reason for Plaintiff's termination was false, pretextual, insufficient, selectively enforced, and/or not the real reason for its actions. Defendant told Plaintiff that the layoff was caused by a government reduction and position elimination, yet approximately three months later Defendant advertised the same or substantially similar position on its careers website.

107. Plaintiff's age was a motivating factor in Defendant's decision to subject Plaintiff to different terms and conditions of employment and to terminate his employment.

108. As a direct, proximate, and foreseeable result of Defendant's unlawful age discrimination, Plaintiff has suffered, continues to suffer, and will suffer lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other compensatory damages.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on his age;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under the FCRA;

C. Award Plaintiff compensatory damages, including damages for emotional distress, humiliation, mental anguish, and other nonpecuniary losses;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## Retaliation
## § 760.10(7), Florida Statutes

109. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

110. At all times material, Defendant was an employer within the meaning of the FCRA.

111. The FCRA prohibits an employer from retaliating against an employee because the employee opposed an employment practice made unlawful by the FCRA or because the employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the FCRA.

112. Plaintiff engaged in protected activity under the FCRA when, on or about March 15, 2026, he submitted a formal written complaint of unequal pay and pay discrimination to Defendant's management, and when he otherwise complained that he believed he was being treated less favorably than his coworkers.

113. Defendant was aware of Plaintiff's protected activity.

114. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including selecting him for termination, terminating his employment on June 30, 2026, declining to select him for other open positions following his layoff, leaving wages unpaid, and continuing to advertise the same or substantially similar position after representing that Plaintiff's layoff resulted from a government reduction and position elimination.

115. Defendant's actions would dissuade a reasonable employee from making or supporting a charge of discrimination.

116. A causal connection exists between Plaintiff's protected activity and Defendant's materially adverse actions, as evidenced by the temporal proximity between Plaintiff's complaints and the adverse actions taken against him.

117. Defendant's stated reasons for its actions were false, pretextual, and/or retaliatory.

118. Defendant retaliated against Plaintiff for engaging in protected activity in violation of the FCRA.

119. As a direct, proximate, and foreseeable result of Defendant's unlawful retaliation, Plaintiff has suffered, continues to suffer, and will

suffer lost wages and benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, damage to his professional reputation, and other compensatory damages.

**WHEREFORE**, Plaintiff, MAGDY A. RADWAN, demands judgment against Defendant, AMENTUM HOLDINGS INC., d/b/a AMENTUM GOVERNMENT SERVICES, and respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

B. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and other economic damages available under the FCRA;

C. Award Plaintiff compensatory damages, including damages for emotional distress, humiliation, mental anguish, and other nonpecuniary losses;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff his reasonable attorneys' fees and costs; and

F. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 16th day of October 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Attorney for Plaintiff